## ANDERSON v. STEINREICH.

(City Court of New York, General Term. December, 1901.)

1. TENANT OR SERVANT—NATURE OF RELATION.
· Where the owner of a flat building employed plaintiff as janitress, and she at the same time rented apartments from him in the building, deducting her salary from the monthly rent, the relation existing between the parties while she occupied the premises rented by her was that of landlord and tenant, and not master and servant.

2. INSTRUCTIONS—INAPPLICABILITY TO CASE.
· Plaintiff was injured by the falling of a ceiling in her apartments while engaged wholly in performing her household duties. The court charged that, unless plaintiff was engaged in her duties as janitress, or in work incidental thereto, the jury must find for defendant. *Held* fatal error, the relation at the time being that of landlord and tenant.

Appeal from trial term.

Action by Helma Anderson against Samuel Steinreich. Judgment for defendant, and plaintiff appeals. Reversed.

See 65 N. Y. Supp. 799; 66 N. Y. Supp. 498.

Argued before FITZSIMONS, C. J., and CONLAN and HASCALL, JJ.

George W. Bristol (Woolsey Carmalt, of counsel), for appellant.
M. S. & I. S. Isaacs (Julius J. Frank and Julien M. Isaacs, of counsel), for respondent.

FITZSIMONS, C. J. The defendant, being the owner of a flat house in this city, employed plaintiff as janitress of such house, and agreed to give her each month for services rendered as such the sum of $12, which was subsequently made $14. At the same time she rented from him certain apartments in said house at the rate of $21 per month, from which should be deducted her charge for services rendered as janitress. Therefore between them existed a twofold relation, —that of master and servant, while she was performing service as janitress; and that of landlord and tenant, while she occupied the premises rented by her. The rules of law applicable to these several legal relations are well known, and all alike. On February 15, 1898, while plaintiff was engaged wholly in performing her household duties in her apartment, the ceiling in the kitchen thereof fell, and, as she claims, struck her upon her head and other parts of the body, doing her great harm, and causing a miscarriage. As before stated, at the time plaintiff was injured she was not doing work as janitress, but wholly and solely was doing household duties; therefore at that time the legal relations existing between her and defendant were those of landlord and tenant, and not those of master and servant. At the request of defendant's counsel the trial justice charged the jury as follows:

"That unless it appears by a preponderance of evidence, that at the time and place of the accident in suit plaintiff was engaged in the performance of her duties as janitress, or in work incidental thereto, the jury must find for the defendant. The Court: I charge that. She was there. That was her flat. She was to be in that house to do her work. (Exception taken by plaintiff's counsel.) Also that the burden is upon the plaintiff to establish, by a preponderance of evidence, that the occupancy of the apartment in

question was connected with or acquired for the proper or better performance of her duties as janitress. Charged. (Exception by plaintiff's counsel.)"

In so charging the jury the trial justice practically directed them to find a verdict in defendant's favor, because it was conceded by both sides that at the time she claims she was injured she was not acting or performing her work as janitress; therefore the legal relations existing at that instant between these parties were those of landlord and tenant, and to charge as he did the justice committed fatal error. The judgment must be reversed, and a new trial ordered, with costs to appellant to abide event.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.